UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WALTER A. SARCENO RESINO,

                              Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; TODD LYONS, Acting Director, Immigration and Customs Enforcement; GREGORY J. ARCHAMBEAULT, Director, Imperial Field Office, Immigration and Customs; JEREMY CASEY, Warden, Imperial Regional Adult Detention Facility; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY,

                              Respondents.

Case No.: 26-cv-2326-JES-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

**[ECF No. 1]**

Before the Court is Petitioner Walter A. Sarceno Resino's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on April 13, 2026. ECF

1

No. 1 ("Pet."). Respondents filed a return pursuant to the Court's order. ECF No. 6 ("Return").

Petitioner first entered the United States in June of 2004. Pet. ¶ 2. He was briefly detained following his entry before being released, filed for asylum, and his case was administratively closed on August 4, 2016. *Id.* ¶ 3. Since his release, he has lived in the country for about two decades, building a family, working, and becoming father to four minor children ages 15, 13, 9, and 5. *Id.* ¶¶ 4,5. He alleges that he has no criminal history. *Id.* ¶ 6. On February 23, 2026, Petitioner was redetained while he was buying coffee at a gas station, without a warrant or explanation for his arrest. *Id.* ¶¶ 7, 8. Petitioner alleges that his detention violates the Administrative Procedure Act, Due Process, the Immigration and Nationality Act, and Respondents' own regulations. *Id.* ¶¶ 71-125. Petitioner requests release, among a variety of alternative forms of relief. *Id.*

Respondents do not substantively address the merits of Petitioner's claims in the Return, other than to say that Petitioner is subject to mandatory detention. Return at 2. However, they state: "The government acknowledges that this Court's prior decisions will control the result here if the Court adheres to its prior decisions, as the facts are not materially distinguishable for purposes of the Court's decision, and on that basis the government does not oppose the petition and defers to the Court on the appropriate relief." *Id.* at 3.

The Court agrees with Respondent's position that the Court's prior rulings hold that Petitioner is not subject to mandatory detention as an individual previously granted release who has lived in the country for about two decades. *See id.*; *cf. Martinez Lopez v. LaRose*, No. 25-cv-2717-JES-AHG, 2025 WL 3030457 (S.D. Cal. Oct. 30, 2025). However, the Court notes that it agrees with Petitioner that release is the appropriate relief here. Petitioner states, and Respondents do not refute, that he was previously released on some form of parole by the government shortly after entering the country in 2004. Many courts, including this one, have repeatedly held that prior release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.,*

*Rivera v. Warden, Otay Mesa Det. Ctr.*, No. 26-CV-375-JES-AHG, 2026 WL 310193, at *2-3 (S.D. Cal. Feb. 5, 2026); *Besalti v. LaRose*, No. 26-CV-270-JES-JLB, 2026 WL 242042, at *2-3 (S.D. Cal. Jan. 29, 2026); *Singh v. LaRose*, No. 26-CV-0556-JES-VET, 2026 WL 353355, at *2-3 (S.D. Cal. Feb. 9, 2026); *Ramales v. LaRose*, No. 26-CV-501-JES-DEB, 2026 WL 280216, at *2-3 (S.D. Cal. Feb. 3, 2026); *Minhas v. Bondi*, No. 26-CV-492-JES-BLM, 2026 WL 280220, at *2-3 (S.D. Cal. Feb. 3, 2026). Accordingly, the Court adopts its reasoning and finds that due process requires release of Petitioner here.

The Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **April 25, 2026**, confirming that Petitioner has been released.

**IT IS SO ORDERED.**

Dated: April 22, 2026

Honorable James E. Simmons Jr.
United States District Judge

3

26-cv-2326-JES-DEB